# United States District Court
## Western District of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** <br> (for offenses committed on or after November 1, 1987) |
| V. | **Case Number:**    06-CR-165-C-01 |
| CHAD SCOTT | **Defendant's Attorney:**    Patrick J. Stangl |

The defendant Chad Scott pleaded guilty to Count 1 of the indictment.

**ACCORDINGLY**, the Court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of Firearms; a Class C felony | May 11, 2006 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | | | |
|---|---|---|---|
| **Defendant's Date of Birth:** | September 17, 1971 | | August 7, 2008 |
| **Defendant's USM No.:** | 06259-090 | | Date of Imposition of Judgment |
| **Defendant's Residence Address:** | c/o Patricia Scott <br> 2924 Beverly Hills Drive <br> Eau Claire, WI 54701 | | /s/ Barbara B. Crabb |
| **Defendant's Mailing Address:** | c/o Bureau of Prisons | | Barbara B. Crabb <br> District Judge |
| | | | August 7, 2008 |
| | | | Date Signed: |

# IMPRISONMENT

As to the one-count indictment, it is adjudged that defendant is committed to the custody of the Bureau of Prisons for imprisonment for a term of 87 months.

I recommend that defendant be afforded the opportunity to participate in the Bureau of Prisons' residential substance abuse treatment program and that he be placed in a residential re-entry center before his release, with work release privileges.

# RETURN

**I have executed this judgment as follows:**

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MARSHAL
　　　　　　　　　　　　　　　　　　　　　　By _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Deputy Marshal

# SUPERVISED RELEASE

The term of imprisonment is to be followed by a three-year term of supervised release subject to the standard conditions.

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the next page).

In light of the nature of the offense and defendant's substance abuse, the following special conditions apply. Defendant is to:

1. Register with local law enforcement agencies and the state attorney general as directed by the supervising U.S. probation officer;

2. Provide the supervising U.S. probation officer any and all requested financial information;

3. Submit his person, residence, office or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises he is occupying may be subject to searches pursuant to this condition; and

4. Abstain from illegal drugs and from association with drug users and sellers and participate in substance abuse treatment. Defendant shall submit to drug testing beginning within 15 days of release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process.

# STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) Defendant shall support his or her dependents and meet other family responsibilities;

5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) Defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
|  | $100.00 | $0.00 | $0.00 |
| **Total** | $100.00 | $0.00 | $0.00 |

It is adjudged that defendant is to pay a $100 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

Defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to support himself and his family upon release.

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

      (1) assessment;
      (2) restitution;
      (3) fine principal;
      (4) cost of prosecution;
      (5) interest;
      (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment.

# STATEMENT OF REASONS

**Chad Scott**
**Case No. 06-CR-165-S-01**

The Court accepts the plea agreement on the basis of its findings that the offense of conviction adequately reflects the defendant's criminal conduct and the plea agreement does not undermine the statutory purposes of sentencing.

The Court imposes a sentence consistent with the provisions set forth in 18 U.S.C. § 3553(a) using the November 2006 advisory guidelines manual calculated by the probation office in determining the appropriate sentence within the statutory limit of 10 years.

According to § 2K2.1(a)(1) the base offense level is 26 because the offense involved a firearm that is described in 26 U.S.C. § 5845 and defendant has a felony conviction for driving while under the influence, a crime of violence, and for possession with intent to distribute THC, a controlled substance offense. The Court specifically finds that the conviction for operating under the influence (5th + offense) is a crime of violence as defined at U.S.S.G. § 4A1.2, Application Note 1, which is consistent with the Seventh Circuit's holdings in United States v. Rutherford, 54 F.3d 370 (7th Cir. 1995) and United States v. Sperberg, 432 F.3d 706 (7th Cir. 2005). Pursuant to the criteria set forth in § 2K2.1(b)(1)(A) the offense level is increased by two levels because the offense involved seven firearms.

Defendant qualifies for the three-level reduction pursuant to § 3E1.1(a) for acceptance of responsibility and the additional one-level reduction in (b) because he waived indictment and entered a timely guilty plea.

Defendant is a career offender pursuant to the provisions at § 4B1.1 because (1) defendant was at least 18 years old at the time he committed the offense of conviction; (2) the offense of conviction is a felony that is a crime of violence; and (3) defendant has a prior conviction for a crime of violence and a prior conviction for a controlled substance offense. As previously noted, defendant has a prior conviction for a crime of violence and a controlled substance offense. Pursuant to § 4B1.1(b) the criminal history category for a career offender is VI.

A total offense level of 25 coupled with a criminal history category VI ordinarily results in an advisory guideline range of imprisonment of 110 to 137 months. Because the statutory maximum term of imprisonment is 10 years, the advisory guideline range of imprisonment is 110 to 120 months.

Defendant has had substantial contact with law enforcement. His introduction to chemical substances began in his young adulthood and he has continued to submerge himself in that culture regardless of the detriment it may cause him and his family. His continued criminal activity demonstrates his high degree of dangerousness as well as his staunch refusal to amend his ways as he has had many opportunities to do so. He has demonstrated repeated disrespect for the law and societal norms. Although defendant has been dealing with significant health issues for several years, those circumstances have not deterred his criminal behavior, and they cannot deter appropriate punitive sanctions.

After taking all factors into consideration, the Court balances defendant's criminal conduct against his difficult childhood and determines that a sentence that impresses upon him the severity of his behavior and assures that the public is safe from his criminal endeavors is appropriate, necessary and reasonable. A sentence equal to the statutory maximum, 120 months, may provide both deterrence and punishment. Anything less than the statutory maximum would unduly depreciate the seriousness of the offense.

| Advisory Guideline Range Determined by the Court: | |
|---|---|
| **Total Offense Level:** | 25 |
| **Criminal History Category:** | VI |
| **Imprisonment Range:** | 110 to 120 months |
| **Supervised Release:** | 2 to 3 years |
| **Fine Range:** | $10,000 to $100,000 |
| **Restitution:** | not applicable |